_FILED_
SUPERIOR COURT
OF GUAM

2024 MAR -7 PM 3: 09

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KIAN CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>3G TOURS GUAM, LLC, et al.,<br><br>Defendants. | CIVIL CASE NO. <u>CV0288-19</u><br><br>**DECISION AND ORDER GRANTING RULE 12(B)(6) MOTION TO DISMISS IN PART REGARDING RICO CLAIMS AND REJECTING IN PART REGARDING FRAUD CLAIM** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on January 4th, 2024, for a Motion Hearing on Gil Taitano Yanger, Victor Anderson Torres, David Taitingfong Santos, and 3G Tours Guam, LLC ("Defendants'") Motion to Dismiss the Plaintiff's RICO and Fraud Claims. William Brennan appeared for Defendants. Joshua Walsh appeared for Kian Corporation (the "Plaintiff"). Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Defendant's Motion to Dismiss the Plaintiff's RICO Claims and **REJECTING** Defendant's Motion to Dismiss the Plaintiff's Fraud Claim.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Kian Corporation ("Kian") initially filed their Verified Complaint on March 21, 2019, alleging four claims: (1) Violations of the Racketeer Influenced and Corrupt Organizations Act or "RICO", (2) Conspiracy to Violate RICO, (3) Common Law Fraud, and (4) Tortious Interference with Economic Relations. Verified Compl. ¶ 12-17 (March 21, 2019). In response, on September

29, 2023, Defendants filed a Motion to Dismiss Claims 1 and 2, (the "RICO Claims") and Claim 3, (the "Fraud Claim").

The relevant facts regarding the Motion to Dismiss are as follows:

1. KIAN is a Guam corporation, led by President Pejman Gouniai. Kian operates various water tours on Guam, including dive trips and dolphin watching, which occur aboard the vessel Ocean Venture. The Ocean Venture is a specially fitted and geared dive and tour boat. Verified Compl. ¶ 3 (March 21, 2019).

2. Beginning in March 2018, Defendants approached Mr. Gouniai about a possible business relationship with Defendants' company 3G for the use of Ocean Venture. *Id.* ¶ 4.

3. 3G, acting through Defendants, entered into an agreement with Kian to charter the vessel Ocean Venture for $2,150.00 per day. The Ocean Venture had an ongoing charter contract with LKD Enterprise, however, which was terminated early, resulting in a loss of income to Kian. *Id.*

4. On April 2, 2018, Mr. Gouniai sent a final draft of the charter agreements to 3G for signing, but on or about April 5, 2018, Defendants communicated to Gouniai that 3G now wanted to purchase the Ocean Venture. In response Gouniai offered to sell the vessel for $1,100,000.00. 3G counter-offered with $1,000,000.00. Mr. Gouniai, on behalf of Kian, accepted the counteroffer. *Id.*

5. The Parties eventually executed a Vessel Purchase Agreement, however, there were numerous delays for the closing. Mr. Gouniai was informed by Defendants that a $100,000.00 deposit had been made which was confirmed by the escrow agent. However, that deposit was not released as it was rejected by 3G's financial institution. Defs. Gil Taitano Yanger et al.'s Mot. to Dismiss RICO and Fraud Claims; Mem. of Pts. & Auth. ¶ 2 (September 29th, 2023).

6. Defendant Evan Montvel-Cohen and Sharla Montvel-Cohen represented that a $100,000.00 cashier's check would be given to the Plaintiff. The next day, Plaintiff waited at the bank with

Defendant Sharla, where it was eventually discovered that the 100,00.00 cashier's check was a forged instrument. *Id.* ¶ 3

7. Plaintiff alleges that on or around February 2018, Defendants began a website where it appeared they were the owners of the vessel. Defendants falsely advertised through various mediums that the Defendants were the owners, adversely impacting Plaintiff's business by driving customers away from Kian. *Id.*

## II.    LAW AND DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley,* 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.,* 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.,* 487 F.3d 1246, 1249 (9th Cir. 2007)). However, "[f]raud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang,* 2016 Guam 26 ¶ 35. Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* ¶ 47. On the issue of fraud, there are five elements: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to induce defraud or induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pac. Exp. Co. v. Oka Towers Corp.,* 2000 Guam 3 ¶ 23.

## A. Plaintiff Agrees with Defendant That the RICO Claims Should Be Dismissed (Claims 1 and 2)

Defendant argues that the First and Second Claims of the Plaintiff's Complaint (the "RICO Claims"[1]) fail "to comply, as required, with 18 U.S.C. § 1962(c) and (d)." Defs. Gil Taitano Yanger et al.'s Mot. to Dismiss RICO and Fraud Claims; Mem. of Pts. & Auth. ¶ 3-4 (September 29th, 2023). Further, "in addition to the omissions that render the Complaint fatally defective, certain facts alleged therein, and the absence of a RICO Statement, reveal that KIAN's RICO claims are patently frivolous as a matter of law." *Id.* Upon careful consideration of the Defendant's arguments, however, "the Plaintiff is in agreement that the claims initially asserted under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") law against Defendant Gil Taitano, Victor Anderson Torres, David Taitingfong Santos, and 3G Tours Guam can be dismissed." Opp. to Def.'s Mot. to Dismiss RICO and Fraud Claims; Mem. of Pts. & Auth. ¶ 2 (November 9th, 2023). Plaintiff asserts that this is based on a "commitment to a fair and just legal process, and the interest of conserving both judicial resources and the resources of the litigants." *Id.* The Court will not argue with a Plaintiff who wishes to dismiss their own claims. Thus, the Motion to Dismiss the RICO claims should be granted.

## B. Plaintiff Properly Pleads Fraud Claim (Claim 3)

In all averments of fraud, "the circumstances constituting fraud shall be stated with particularity. Malice, intent, knowledge, or other conditions of mind of a person may be averred generally." GRCP 9(b). In their Motion, Defendants claim that Plaintiff did not plead fraud with particularity, because Plaintiff's allegations, "as a matter of law, preclude a showing of actual or justifiable reliance." Defs. Gil Taitano Yanger et al.'s Mot. to Dismiss RICO and Fraud Claims;

---

[1] Claim One: Violations of Racketeer Influenced And Corrupt Organizations Act ("RICO") and Claim Two: Conspiracy to Violate RICO. Verified Compl. ¶ 12, 14 (March 21, 2019).

Mem. of Pts. & Auth. ¶ 17 (September 29th, 2023). This is because Defendants claim that Plaintiff "saw through [Defendants'] charade" by October 2018 and "if the Plaintiff's customers stopped booking reservations with [Plaintiff], because of an alleged [Defendant] website, that was due to the Plaintiff's customers' decision-making" and not reliance by the Plaintiff. *Id.* Finally, Defendants claim that Plaintiff has not suffered the requisite damages, because Plaintiff did not sell or lose its vessel. *Id.*

In response, Plaintiff points to the original complaint specifying that, "Defendants encouraged the earlier termination of the contract with LKD Enterprise, and at their urging, [Plaintiff] cancelled the contract with LKD Enterprise pursuant to the terms of the existing agreement with LKD Enterprise and, because of the new agreement with 3G, waived all cancellation penalties related to LKD Enterprise's contract." Opp. to Def.'s Mot. to Dismiss RICO and Fraud Claims; Mem. of Pts. & Auth. ¶ 4 (November 9th, 2023) citing Verified Compl. ¶ 21-22 (March 21, 2019). Further, the waiver of these cancellation penalties resulted in a loss of income to [Plaintiff]." *Id.* This appears to be a straightforward pleading of fraud with justifiable reliance, because the Plaintiff claims they relied on the Defendant's alleged misrepresentation that Defendant planned to purchase the Plaintiff's vessel. Further, the loss of the LKD contract meets the requirement for damages.

Finally, regarding the purchase of the vessel, Plaintiff claims that "Defendants presented themselves as supported by a well-established investor." Verified Compl. ¶ 16 (March 21, 2019). Plaintiff also claims, "Defendants ultimately signed the purchase agreement, thereby binding themselves to the transaction." *Id.* This would theoretically induce justifiable reliance, which is justified when: "(1) the matter [is] material in the sense that a reasonable person would find it important in determining how he or she would act; and (2) it [is] reasonable for the plaintiff to

have reliance on the misrepresentation." *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4[th] 1178, 1194, 175 Cal. Rptr. 3d 820, 833 (2014). Given the many details in the Complaint reiterated by the Plaintiff in their Opposition to Defendant's Motion to Dismiss[2], the Court finds that sufficient detail exists regarding Plaintiff's pleading of justifiable reliance and damages, as well as the requisite other elements.[3]

When reviewing a Motion to Dismiss under GRCP 12(b), however, "the trial court must construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." *Ukau v. Wang*, 2016 Guam 26 ¶ 51, citing *First Hawaiian Bank*, 2007 Guam 2 ¶ 9. As a consequence, the motion to dismiss Claim 3 should be rejected.


## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss Claims 1-2, and **REJECTS** the Motion to Dismiss Claim 3.

SO ORDERED, this ___7th___ day of ___March___ 2024.

_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam

---

[2] Verified Compl. ¶¶ 18, 21-22, 39-50, and 87 (March 21, 2019).
[3] Defendants concede in their own motion that they made knowingly false misrepresentations with the intent to defraud the plaintiffs. *See* Defs. Gil Taitano Yanger et al.'s Mot. to Dismiss RICO and Fraud Claims; Mem. Or Pts. & Auth. ¶ 2 (September 29th, 2023).